Supreme Court
No. 2025-310-M.P.

In the Matter of Marc Jeremy Soss.     :

**O R D E R**

This matter is before the Court pursuant to a petition for reciprocal discipline, filed by this Court's Disciplinary Counsel in accordance with Article III, Rule 14 of the Supreme Court Rules of Disciplinary Procedure for Attorneys.  The respondent, Marc Jeremy Soss, was admitted to practice law in this state on May 26, 1994, and assumed an inactive status on May 30, 2006.  The respondent also is admitted to the practice of law in the State of Florida and the State of Connecticut.

On December 2, 2021, the Supreme Court of Florida issued an Order (Order) suspending respondent's license to practice law for thirty days, effective thirty days after the Order issued.  The Court further ordered respondent to attend the Florida Bar's Ethics School within six months of the Florida court accepting respondent's consent judgment to the thirty-day suspension.

Article III, Rule 14(a), entitled "Reciprocal discipline," provides in pertinent part: "Upon notification from any source that a lawyer within the jurisdiction of the [Disciplinary] Board has been disciplined in another jurisdiction, [Disciplinary] Counsel shall obtain a certified copy of the disciplinary order and file it with the

[C]ourt." On October 7, 2025, Disciplinary Counsel filed a certified copy of the Order with this Court along with her request that we impose reciprocal discipline.

On October 14, 2025, this Court issued an Order to respondent providing him thirty days to assert any claim he may have that the imposition of reciprocal discipline would be unwarranted.

On October 27, 2025, respondent filed a response to the order to show cause, objecting to this Court entering an identical order of reciprocal discipline due, in part, to the passage of time, and his successful reinstatement to the Florida bar in January of 2022. The respondent argued identical discipline is unwarranted and he has no prior history of discipline in Rhode Island or Florida.

After moving for an enlargement of time to reply, which was granted by the Clerk of this Court on November 5, 2025, Disciplinary Counsel filed a reply memorandum on November 6, 2025, requesting the imposition of identical discipline.

This matter was presented before this Court at our conference on November 13, 2025. After a review of the record, we determine that respondent has failed, in part, to show cause why identical reciprocal discipline should not be imposed.

The respondent, Marc Jeremy Soss, is hereby suspended from the practice of law in this state for thirty days. The Court appreciates the passage of time since the respondent's Florida suspension, but the passage of time does not excuse the failure

to alert Disciplinary Counsel to the discipline in Florida as the respondent was required to do by Article III, Rule 14(a) of the Supreme Court Rules. Nonetheless, the suspension in this state is issued nunc pro tunc to October 7, 2025, the date of Chief Disciplinary Counsel's petition for reciprocal discipline in this matter. As such, the suspension was fully served on November 6, 2025.

Entered as an order of this Court this *2nd* day of *February 2026*.

By Order,

/s/ *Meredith A. Benoit*
Clerk



## STATE OF RHODE ISLAND

## SUPREME COURT – CLERK'S OFFICE

Licht Judicial Complex
250 Benefit Street
Providence, RI  02903

## ORDER COVER SHEET

| | | |
|---|---|---|
| **Title of Case** | In the Matter of Marc Jeremy Soss. | |
| **Case Number** | No. 2025-310-M.P. | |
| **Date Order Filed** | February 2, 2026 | |
| **Justices** | Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ. | |
| **Source of Appeal** | N/A | |
| **Judicial Officer from Lower Court** | N/A | |
| **Attorney(s) on Appeal** | For Petitioner:<br><br>Kerry Reilley Travers, Esq.<br>Chief Disciplinary Counsel | |
| | For Respondent:<br><br>Marc Jeremy Soss, *pro se* | |